United States District Court
Southern District of Texas
**ENTERED**
October 26, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| DEMARCUS DANTE WALKER, | § | CIVIL ACTION NUMBER 4:26-cv-05811 |
| Plaintiff, | § | |
| | § | |
| | § | |
| versus | § | JUDGE CHARLES ESKRIDGE |
| | § | |
| | § | |
| ALLY FINANCIAL INC, *et al,* | § | |
| Defendants. | § | |

## ORDER ADOPTING MEMORANDUM AND RECOMMENDATION

Plaintiff Demarcus Dante Walker proceeding *pro se* and *in forma pauperis*. He filed this action against Defendants Ally Financial Incorporated and Helfman River Oaks Chrysler Jeep Dodge with respect to a retail installment contract to purchase an automobile. Dkts 1 & 6. He states various claims purporting to absolve himself of obligations to make payments for his purchase of a Dodge Charger. Dkt 1.

The matter was referred to Magistrate Judge Christina A. Bryan. She recommends that this case be dismissed *sua sponte* because the action is frivolous. Dkt 7.

The district court reviews *de novo* those conclusions of a magistrate judge to which a party has specifically objected. See FRCP 72(b)(3) & 28 USC §636(b)(1)(C); see also *United States v Wilson*, 864 F2d 1219, 1221 (5th Cir 1989, *per curiam*). The district court may accept any other portions to which there's no objection if satisfied that no clear error appears on the face of the record. See *Guillory v PPG Industries Inc*, 434 F3d 303, 308 (5th Cir 2005), citing *Douglass v United Services Automobile Association*, 79 F3d

1415, 1430 (5th Cir 1996, *en banc)*; see also FRCP 72(b) advisory committee note (1983).

Plaintiff filed objections. Dkt 8. He contends that the Magistrate Judge erred in finding his claims frivolous because facts about transfer, assignment, and securitization weren't disclosed to him. Id at 2. He also contends that the Magistrate Judge erred in finding that he failed to plead his fraud claim with specificity. Ibid. He also contends that *sua sponte* dismissal without leave to amend is improper. Ibid.

Upon *de novo* review and determination, Plaintiff's objections lack merit. Judge Bryan considered and rejected each of the arguments presented by the objections in the Memorandum and Recommendation. Dkt 7 at 2–4. She correctly observes that Plaintiff appears to raise a "meritless sovereign-citizen redemption theory, which asserts individuals can take different actions to eliminate debt without paying it off." Id at 3. She also correctly observes that "even liberally construed" Plaintiff fails to plead it with the required specificity. Id at 4.

With respect to dismissal without leave to amend, the authority raised by Plaintiff is inapposite. Dkt 8 at 3. In *Anokwuru v City of Houston*¸ the Fifth Circuit noted that "denying a motion to amend is not an abuse of discretion if allowing an amendment would be futile." 990 F3d 956, 966 (5th Cir 2021), quoting *Marucci Sports, LLC v National Collegiate Athletic Association,* 751 F3d 368, 378 (5th Cir 2014). As there, "it is undisputed" that Plaintiff "received notice and opportunity to oppose" the recommendation of dismissal of his claims. Id at 967. In response, Plaintiff still advances clearly frivolous sovereign-citizen theories. Dkts 1 & 8. It may thus properly be determined that allowing amendment would be futile.

The objections by Plaintiff Demarcus Dante Walker to the Memorandum and Recommendation of the Magistrate Judge are OVERRULED. Dkt 8.

No clear error otherwise appears upon review and consideration of the Memorandum and Recommendation, the record, and the applicable law.

The Memorandum and Recommendation of the Magistrate Judge is ADOPTED as the Memorandum and Order of this Court. Dkt 7.

This action is DISMISSED WITH PREJUDICE.

A final judgment will enter separately.

SO ORDERED.

Signed on October 26, 2026, at Houston, Texas.

Honorable Charles Eskridge
United States District Judge